UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **Wayne Wold**<br><br>                **Plaintiff,**<br><br>v.<br><br>**Natural Resources Engineering Co., P.A.**<br><br>  **and**<br><br>**Barry F. Power**<br>                **Defendants.** | **CIVIL ACTION No. 10-cv-525**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Mr. Wayne Wold, ("Mr. Wold") by and through his counsel, Larry A. Johnson and Nola J. Hitchcock Cross of Cross Law Firm, S.C., complains and states as follows against Defendants Natural Resources Engineering Co., P.A. and Barry F. Power (collectively hereinafter referred to as "Defendants"):

**INTRODUCTION**

1.      Mr. Wold brings this action against Defendants alleging multiple violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq*. and Wisconsin's state overtime laws pursuant to Sections 103.01 *et. seq.* and 109.01 *et seq.* of the Wisconsin Statutes, and Wisconsin Administrative Code Sections DWD 272.01 *et seq.* and 274.01 *et. seq.* ("Wisconsin Wage Payment Laws").  As an employee of Defendants, Mr. Wold was a covered, non-exempt employee under the FLSA and Wisconsin's Wage Payment Laws and was entitled to overtime compensation consistent with the requirements of these laws.  Defendants failed to

pay appropriate compensation to Mr. Wold, including overtime compensation as required by the FLSA and Wisconsin's Wage Payment Laws. Mr. Wold seeks payment of his unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

3. This Court has supplemental jurisdiction over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants' place of business is located in this district, Defendants are domiciled in this district, and a substantial part of the events giving rise to the claims in the complaint occurred in this district.

## PARTIES

5. Natural Resources Engineering Co., P.A. is a professional engineering association doing business within the State of Wisconsin with a principal place of business at 1409 Hammond Avenue, Suite 110, in the City of Superior, County of Douglas, in the state of Wisconsin, 54880.

6. Barry F. Power is an adult resident of Minnesota as well as the president, owner, and registered agent for Natural Resources Engineering Co., P.A. Barry F. Power is doing

business within the State of Wisconsin as the president, owner, and registered agent for Natural Resources Engineering Co., P.A.

7. Mr. Wold is a resident of and is domiciled in the state of Minnesota.

8. Mr. Wold is a former employee of Defendants who worked for Defendants within the last three years from the date of filing of this Complaint.

## GENERAL ALLEGATIONS

9. Defendants have denied Mr. Wold overtime premium compensation for each hour he worked in excess of forty (40) hours in each workweek.

10. Defendant Barry F. Power controlled the day-to-day operations of Defendant Natural Resources Engineering Company, P.A.

11. Defendant Barry F. Power made decisions as to how Defendant Natural Resources Engineering Company, P.A.'s employees were paid.

12. Defendant Barry F. Power made the decision as to how Mr. Wold was paid.

13. Defendants hired Mr. Wold in or around May 2007 and retained him as an employee until in or around August 2010.

14. Defendants titled Mr. Wold's position as "Senior Scientist," and Defendants suffered or permitted Mr. Wold to work in that position for Defendants at all times relevant to this complaint.

15. Defendants paid Mr. Wold an hourly wage.

16. Defendants suffered or permitted Mr. Wold to work in excess of forty (40) hours each workweek.

17. Defendants did not provide any additional compensation for the hours Mr. Wold worked in excess of forty (40) hours in each workweek.

18. As a Senior Scientist, it was not necessary for Mr. Wold to attend a prolonged course of specialized intellectual instruction to perform his duties for the Defendants.

19. Defendants did not allow Mr. Wold to exercise discretion and independent judgment regarding matters of significance to Defendants' business.

20. Defendants required Mr. Wold to follow Defendants' regulations and policies without deviation.

21. Defendants provided specific instructions and did not allow Mr. Wold the authority to make any decisions of his own.

22. Defendants did not allow Mr. Wold to exercise any authority to commit Defendants to matters of significant financial impact.

23. Defendants did not allow Mr. Wold to exercise any authority to negotiate and bind Defendants on significant matters.

24. Defendants did not allow Mr. Wold to exercise any authority to waive or deviate from established policy or procedure without prior approval by Defendants.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Fair Labor Standards Act of 1938)**

25. Mr. Wold re-alleges and incorporates by reference all previous paragraphs as if they were set forth herein.

26. At all times material herein, Mr. Wold has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

27. At all relevant times, Mr. Wold was an employee within the meaning of Section 203(e) of the FLSA, 29 U.S.C. §203(e).

28. At all relevant times, Defendants were employers within the meaning of Section 203(d) of the FLSA, 29 U.S.C. §203(d).

29. Defendants violated the FLSA by failing to compensate Mr. Wold for overtime premium pay for each hour that he worked in excess of forty (40) hours each workweek.

30. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a) (1).

31. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Natural Resources Engineering Company, P.A. is an enterprise engaged in commerce as defined in FLSA, 29 U.S.C. §203(b).

32. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain employees from overtime pay obligations.  None of the FLSA exemptions apply to Mr. Wold.  Accordingly, Mr. Wold must be paid overtime pay in accordance with the FLSA.

33. Defendants' failure to properly compensate Mr. Wold for all compensable work time was willfully perpetrated.  Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Mr. Wold is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay wages, Mr. Wold is entitled to an award of pre-judgment interest at the applicable legal rate.

34. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Mr. Wold for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

35. Mr. Wold is entitled to damages equal to the mandated overtime premium pay from a date three years from when this complaint was filed.

36. Pursuant to FLSA, 29 U.S.C. § 216(b), Mr. Wold is also entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### (Violation of the Wisconsin Wage Payment Laws)

37. Mr. Wold re-alleges and incorporates by reference all previous paragraphs inclusive, as if fully set forth herein.

38. At all relevant times, Mr. Wold was an employee within the meaning of Wis. Stat. § 109.01(1r).

39. At all relevant times, Mr. Wold was an employee within the meaning of Wis. Stat. § 103.001(5).

40. At all relevant times, Mr. Wold was an employee within the meaning of Wis. Stat. § 104.01(2)(a).

41. At all relevant times, Defendants were employers within the meaning of Wis. Stat. § 109.01(2).

42. At all relevant times, Defendants were employers within the meaning of Wis. Stat. § 103.001(6).

43. At all relevant times, Defendants were employers within the meaning of Wis. Stat. § 104.01(3)(a).

44. At all relevant times, Defendants were employers within the meaning of Wis. Admin. § DWD 272.01(5).

45. At all relevant times, Defendants employed Mr. Wold within the meaning of Wisconsin Statute § 109.01 *et seq.*, § 103.01 *et seq.* and § 104.001 *et seq.*

46. The Wisconsin Wage Payment Laws exempt certain employees from overtime pay obligations. None of the Wisconsin Wage Payment Laws' exemptions apply to Mr. Wold. Accordingly, Mr. Wold must be paid overtime compensation in accordance with the Wisconsin Wage Payment Laws.

47. At all relevant times, Defendants had a policy of willfully failing to properly pay Mr. Wold overtime compensation.

48. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment Laws.

49. Defendants willfully failed to pay Mr. Wold overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of Wisconsin Wage Payment Laws.

50. Defendants willfully failed to keep accurate records for all of the time worked by Mr. Wold, in violation of Wisconsin Wage Payment Laws.

51. As set forth above, Mr. Wold has sustained losses in his compensation as a proximate result of Defendants' violations. Accordingly, Mr. Wold seeks damages in the amount of his unpaid compensation and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Mr. Wold may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

52. Mr. Wold seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to Wisconsin Wage Payment Laws.

WHEREFORE, it is respectfully prayed that this Court grant to Mr. Wold the following relief:

a) Issue an Order directing and requiring Defendants to pay Mr. Wold damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which he was not paid pursuant to the rate provided by the FLSA;

b) Issue an Order directing and requiring Defendants to pay Mr. Wold liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to him;

c) Issue an Order directing Defendants to reimburse Mr. Wold for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

d) Provide Mr. Wold with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Mr. Wold hereby requests trial by jury of all issues triable by jury under federal law.

Dated this 14th day of September, 2010.

**CROSS LAW FIRM, S.C.**
**Attorneys for Plaintiffs**


By: s/LARRY JOHNSON
Larry A. Johnson
Nola J. Hitchcock Cross
Noah Reinstein

Cross Law Firm, S.C.
The Lawyers Building
845 N. 11th Street
Milwaukee, WI  53233
(414) 224-0000
ljohnson@crosslawfirm.com

Defendants may be served at:
Natural Resources Engineering Company, P.A.
1409 Hammond Avenue, Suite 110
Superior, Wisconsin  54880